IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FUZION ANALYTICS, INC.<br>550 Congressional Blvd #200<br>Carmel, Indiana 46032.<br><br>*Plaintiff*<br><br>v.<br><br>BEECHWOOD RE LTD.<br>Building 3, 2nd Floor<br>Governors Square<br>23 Lime Tree Bay Avenue<br>Grand Cayman, KY1-1108<br><br>*Defendant* | Case No. |

**COMPLAINT FOR BREACH OF CONTRACT**

Plaintiff Fuzion Analytics, Inc. ("Fuzion") brings this action against Defendant Beechwood Re Ltd. ("Beechwood Re") to recover the unpaid balance of fees owed to Fuzion under an agreement for third-party administration services with Beechwood Re.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Fuzion is a Delaware corporation that has its principal place of business and corporate headquarters in Carmel, Indiana.

2. Defendant Beechwood Re Ltd. is a reinsurance company domiciled in the Cayman Islands.

3. The amount in controversy, excluding interest, costs, and attorneys' fees, exceeds $75,000.

4. Jurisdiction in this Court is proper under 28 U.S.C. § 1332(a). In addition, the Parties have agreed that this Court has jurisdiction over the claims asserted. Ex. 1, p. 34 at § 20(e).

5.     Venue is proper in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1391 because a substantial part of the events, actions or omissions that give rise to the dispute occurred within this District.  In addition, the Parties have agreed that venue is proper in this District with respect to the claims asserted herein.  Ex. 1, p. 34 at § 20 (e).

## FACTUAL BACKGROUND

6.     Fuzion is a licensed third-party claims administrator that provides policy and claims administration services to insurers and reinsurers, primarily with respect to long-term care insurance products.

7.     Fuzion was formed in 2012.  From its inception, Fuzion, in coordination with its affiliate, Senior Health Insurance Company of Pennsylvania, administered certain policies of long-term care insurance for Bankers Conseco Life Insurance Company ("BCLIC") and Washington National Insurance Company ("WNIC") (the "BCLIC/WNIC Policies").

8.     Effective on or about February 10, 2014, Beechwood Re entered into agreements with BCLIC and WNIC pursuant to which Beechwood Re reinsured the BCLIC/WNIC Policies, and Beechwood Re assumed responsibility for, and the right to subcontract for, the administration of the BCLIC/WNIC Policies (the "BCLIC/WNIC Reinsurance Agreements").  It was understood and agreed by Beechwood Re and by BCLIC and WNIC that Fuzion would be engaged by Beechwood Re to administer the BCLIC/WNIC Policies.

9.     On February 1, 2014, Beechwood Re and Fuzion entered into a Master Services Agreement (the "Agreement") pursuant to which Fuzion agreed to administer the BCLIC/WNIC Policies on behalf of Beechwood Re.  The Agreement, attached as Exhibit 1 to this Complaint, is incorporated by reference as though fully set forth in this Complaint.

10.    The Agreement became effective as of February 1, 2014 and was to remain in effect

continuously for a term of five years, with annual extensions following the initial term unless terminated. Ex. 1, at pp. 3, 5, at § 3(b).

11.     Notwithstanding the initial term, the Agreement permitted Beechwood Re to terminate the Agreement under certain expressly defined and limited circumstances: (1) for cause or pursuant to "at fault" termination triggers resulting from Fuzion's bankruptcy or insolvency, material breach of the Master Services Agreement, material violation of any applicable law, or repeatedly and persistently failing to meet critical service level standards; (2) following an act beyond the control of a party as defined in the Force Majeure provisions of the Agreement; (3) for convenience; or (4) as a result of the transfer of any of the BCLIC/WNIC Policies to a non-affiliate of Beechwood Re. Ex. 1, at pp. 5–6, §§ 3(b)–(e). Each termination provision identified the circumstances to which it applied and included specific notice requirements, including timing.

12.     With respect to a termination for convenience, the Agreement required Beechwood Re to provide one hundred eighty (180) days' prior written notice to Fuzion. In addition, in the event Beechwood Re terminated the Agreement for convenience, the Agreement required Beechwood Re to pay Fuzion an early termination fee (the "Termination Fee") in an amount "equal to twelve (12) times the average monthly fees accruing for Administrative Services in respect of the six (6) calendar months immediately prior to Fuzion's receipt of the termination notice." Ex. 1, at p. 6, § 3(d).

13.     With respect to a termination as a result of a transfer of the BCLIC/WNIC Policies, Beechwood Re was likewise required to provide one hundred eighty (180) days' prior written notice to Fuzion and to pay Fuzion a Termination Fee. Ex. 1, at p. 6, §§ 3(d)–(e).

14.     In consideration of the policy and claim administration services provided to Beechwood Re by Fuzion under the Agreement, Beechwood Re was required to pay Fuzion the

administration and management fees set forth on Schedule II: Fees/Expense of the Agreement (the "Fees"). The Agreement required that the Fees be paid by Beechwood Re to Fuzion "within twenty one (21) days of its receipt of each invoice …." Ex. 1, at p. 22, § 8(a). Amounts unpaid after thirty (30) days accrue interest at the lesser of one and one-half percent (1-1/2%) per month, or (ii) the highest rate allowable by law. Ex. 1, at p. 22, § 8(a).

15. Beechwood has breached, and continues to breach, the Agreement by failing to pay Fees when due and by purporting to terminate the Agreement in violation of its terms, without proper and timely notice and without paying the Termination Fee.

16. Fuzion performed services between January 2016 and September 2016 for which Fees in the amount of $1,841,894.05 were properly invoiced and payable. Despite notice, demand, and efforts to resolve the failure to pay, Beechwood Re has refused to pay the outstanding invoiced sums due.

17. On November 9, 2016, Beechwood Re sent Fuzion a letter that purported to terminate the Agreement as of May 8, 2017 (180 days following the November 9, 2016 letter). The November 9, 2016 letter, attached as Exhibit 2 to this Complaint, is incorporated by reference as though fully set forth in this Complaint.

18. The November 9, 2016 letter states that BCLIC and WNIC sent Beechwood Re a notice that BCLIC and WNIC were terminating the BCLIC/WNIC Reinsurance Agreement "in connection with certain demands made by the regulatory bodies of the New York Department of Financial Services ("NYDFS") and the Indiana Department of Insurance … for the replacement of certain disqualified assets that Insurers required credit for reinsurance for under such Reinsurance Agreements." Ex. 2, at 1.

19. The November 9, 2016 letter purported to terminate the agreement on the alleged grounds that BCLIC and WNIC's termination of the BCLIC/WNIC Reinsurance Agreements was "a Force Majeure event under Section 20(r) of the Master Services Agreement," and of Fuzion's "inability to continue to perform" the Agreement. Ex. 2, at 2.

20. The Agreement defines Force Majeure as "any delay or failure in performance of any part of this Agreement to the extent that such delay or failure is caused by fire, flood, explosion, war, embargo, government requirement, civil or military authority, act of God, act of omission or carriers, or other similar causes beyond its control." Ex. 1, at 36, § 20(r).

21. On December 13, 2016, Fuzion responded to Beechwood Re's November 9, 2016 letter and rejected Beechwood Re's claim that it was entitled to terminate the Agreement on the grounds cited in the letter or on any other grounds, other than convenience. In the December 13, 2016 letter, Fuzion demanded that Beechwood Re promptly pay Fuzion the Termination Fee required under the Agreement for termination by convenience in an effort to informally resolve the parties' dispute. The December 13, 2016 letter, attached as Exhibit 3 to this Complaint, is incorporated by reference as though fully set forth in this Complaint. Fuzion did not receive a response to its December 13, 2016 letter to Beechwood Re.

22. On February 13, 2017, Fuzion, in a further effort to resolve the matter informally, sent a copy of the December 13, 2016 letter to Beechwood Re's counsel, Christian Thomas. The February 13, 2017 letter, attached as Exhibit 4 to this Complaint, is incorporated by reference as though fully set forth in this Complaint. Again, however, Beechwood Re did not respond to the letter.

23. On August 16, 2018, Fuzion sent another letter to Beechwood Re demanding that Beechwood Re agree to submit to mediation in connection with the outstanding disputes between

5

Beechwood Re and Fuzion relating to Beechwood Re's breach of the Agreement. In the August 16, 2018 letter, Fuzion noted Beechwood Re's failure to respond to its December 13, 2016 and February 13, 2017 letters and advised that if Beechwood Re did not agree to submit to mediation pursuant to its obligations under the Agreement within ten (10) business days, Fuzion would consider that the dispute cannot be resolved by mediation and take all appropriate actions to enforce its rights. The August 16, 2018 letter, attached as Exhibit 5 to this Complaint, is incorporated by reference as though fully set forth in this Complaint. Beechwood Re did not respond to Fuzion's August 16, 2018 letter.

24. Contrary to the statements in Beechwood Re's November 9, 2016 letter, there has been no occurrence of an event outside the control of the Parties that constitutes a Force Majeure event that would permit Beechwood Re to terminate the Agreement.

25. Beechwood Re did not terminate the Agreement due to a delay or failure to perform the Agreement "caused by fire, flood, explosion, ware embargo, government requirement, civil or military authority, act of God, act or omission of carriers, or other similar causes beyond its control." Ex. 1, at 36, § 20(r).

26. Rather, Beechwood Re terminated the Agreement following the decisions by BCLIC and WNIC to terminate and effect a recapture of the BCLIC/WNIC Reinsurance Agreements due to Beechwood Re's fraud, misrepresentation, self-dealing, and breaches of the BCLIC/WNIC Reinsurance Agreements

27. Fuzion fully performed, and was at all times ready, willing, and able to perform, its obligations under the Agreement.

28. Beechwood Re did not provide Fuzion with 180 days' notice of the termination, as required by the Agreement.

29. Beechwood Re has not paid Fuzion all amounts due and owing under the Agreement, including, but not limited to the Termination Fee as required by the Agreement and the fees Fuzion invoiced for the services it performed under the Agreement.

## COUNT I

### (Breach of Contract – Invoiced Fees)

30. Fuzion incorporates each and every allegation above as if set forth fully in this count.

31. Fuzion has performed all of its obligations under the Agreement.

32. Beechwood has breached, and continues to breach, the Agreement by failing to pay Fuzion Fees invoiced for services that Fuzion performed under the Agreement.

33. The unpaid, invoiced Fees due from Beechwood Re to Fuzion total $1,841,894.05.

34. As a result of Beechwood's breach, Fuzion has sustained losses including, but not limited to, Fees in the amount of $1,841,894.05, plus pre-judgment interest that continues to accrue.

WHEREFORE, Fuzion respectfully requests:

A. Judgment in its favor and against Beechwood Re. for damages in an amount of at least $1,841,894.05, plus pre-judgment interest through the date of the entry of such judgment and then post-judgment interest until payment;

B. the costs of this action, including reasonable attorneys' fees as provided by Agreement, Ex. 1, p.34 at 20 (f); and,

C. any and all other legal or equitable relief to which Fuzion is entitled.

## COUNT II

### (Breach of Contract – Fees for Notice Period)

35. Fuzion incorporates each and every allegation above as if set forth fully in this count.

36. Fuzion has performed all of its obligations under the Agreement.

37. Beechwood Re's termination of the Agreement constituted a termination for convenience or for transfer under the Agreement. As such, Beechwood Re was required to provide Fuzion with one-hundred eighty (180) days' notice of the termination (the "Notice Period"), during which time Fuzion was entitled to receive Fees.

38. Beechwood Re has breached, and continues to breach, the Agreement by failing to pay Fuzion the Fees that Fuzion would have received during the Notice Period.

39. Due to Beechwood Re's untimely and premature notice of termination, Fuzion was not able to invoice, and was not paid, the Fees that would have been payable to Fuzion during the Notice Period.

40. The Fees that would have been due from Beechwood Re to Fuzion during the Notice Period total over $1,800,000.

41. As a result of Beechwood's breach, Fuzion has sustained losses including, but not limited to, Fees in an amount in excess of $1,800,000, plus pre-judgment interest that continues to accrue.

WHEREFORE, Fuzion respectfully requests:

A. Judgment in its favor and against Beechwood Re. Ltd. for damages in the amount of the Fees payable during the Notice Period in an amount in excess of $1,800,000,

        plus pre-judgment interest through the date of the entry of such judgment and then post-judgment interest until payment;

B.     the costs of this action, including reasonable attorneys' fees as provided by Agreement, Ex. 1, p. 34 at § 20 (f).; and,

C.     any and all other legal or equitable relief to which Fuzion is entitled.

## COUNT III

### (Breach of Contract – Termination Fee)

42.     Fuzion incorporates each and every allegation above as if set forth fully in this count.

43.     Fuzion has performed all of its obligations under the Agreement.

44.     Beechwood Re has breached, and continues to breach, the Agreement by failing to pay Fuzion the Termination Fee.

45.     The Termination Fee due from Beechwood Re to Fuzion is twelve (12) times the average of the monthly Fees accrued in the six months immediately prior to the termination notice. Those amounts equal $3,684,788.10.

46.     Because the Termination Fee represents the acceleration of Fees, Beechwood Re is entitled to interest on the unpaid Termination Fee.

47.     As a result of Beechwood's breach, Fuzion has sustained losses including, but not limited to, lost revenue in the amount of $3,684,788.10, plus pre-judgment interest that continues to accrue.

WHEREFORE, Fuzion respectfully requests:

A.     Judgment in its favor and against Beechwood Re. Ltd. for damages in an amount in excess of $3,684,788.10, plus pre-judgment interest through the date of the entry

        of such judgment and then post-judgment interest until payment;

B.    the costs of this action, including reasonable attorneys' fees as provided by Agreement, Ex. 1, p. 34 at § 20 (f); and,

C.    any and all other legal or equitable relief to which Fuzion is entitled.

Dated: October 4, 2018

Respectfully submitted,                       Respectfully submitted,

/s/ Alan H. Goldstein                     /s/ Dan T. McAfee
Alan H. Goldstein, Esq.                     Dan T. McAfee

                                                            Katzman & Katzman P.C.
                                                            3500 DePauw Blvd., Suite 2100
                                                           Indianapolis, IN 46268
                                                           Telephone: 317-872-5700
                                                           Fax: 317-872-5769
                                                           Email: agoldstein@katzmankatzman.com
                                                           Email: dmcafee@katzmankatzman.com
                                                           *Attorneys for Plaintiff Fuzion Analytics, Inc.*

159605733